# SUPREME COURT OF THE UNITED STATES

### RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTI-TUTIONS DIVISION *v.* ANTHONY CARDELL HAYNES

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 09–273.    Decided February 22, 2010

PER CURIAM.

This case presents the question whether any decision of this Court "clearly establishes" that a judge, in ruling on an objection to a peremptory challenge under *Batson* v. *Kentucky*, 476 U. S. 79 (1986), must reject a demeanor-based explanation for the challenge unless the judge personally observed and recalls the aspect of the prospective juror's demeanor on which the explanation is based. The Court of Appeals appears to have concluded that either *Batson* itself or *Snyder* v. *Louisiana,* 552 U. S. 472 (2008), clearly established such a rule, but the Court of Appeals read far too much into those decisions, and its holding, if allowed to stand, would have important implications. We therefore grant the petition for certiorari, grant respondent's motion to proceed *in forma pauperis*, and reverse the judgment of the Court of Appeals.

## I

Respondent was tried in a Texas state court for the murder of a police officer, and the State sought the death penalty. During *voir dire*, two judges presided at different stages. Judge Harper presided when the attorneys questioned the prospective jurors individually, but Judge Wallace took over when peremptory challenges were exercised. When the prosecutor struck an African-American juror named Owens, respondent's attorney raised a *Batson*

objection. Judge Wallace determined that respondent had
made out a prima facie case under *Batson*, and the prose-
cutor then offered a race-neutral explanation that was
based on Owens' demeanor during individual questioning.
Specifically, the prosecutor asserted that Owens' de-
meanor had been "somewhat humorous" and not "serious"
and that her "body language" had belied her "true feeling."
App. to Pet. for Cert. 187. Based on his observations of
Owens during questioning by respondent's attorney, the
prosecutor stated, he believed that she "had a predisposi-
tion" and would not look at the possibility of imposing a
death sentence "in a neutral fashion." *Id.,* at 188. Re-
spondent's attorney did not dispute the prosecutor's char-
acterization of Owens' demeanor, but he asserted that her
answers on the jury questionnaire "show[ed] that she was
a juror who [was] leaning towards the State's case." *Ibid.*
After considering the prosecutor's explanation and the
arguments of defense counsel, Judge Wallace stated that
the prosecutor's reason for the strike was "race-neutral"
and denied the *Batson* objection without further explana-
tion. *Id.,* at 189.

The case proceeded to trial, respondent was convicted
and sentenced to death, and the Texas Court of Criminal
Appeals affirmed the conviction. Rejecting respondent's
argument that "a trial judge who did not witness the
actual voir dire cannot, as a matter of law, fairly evaluate
a *Batson* challenge," *id.,* at 173, the Court of Criminal
Appeals wrote:

> "There are many factors which a trial judge—even one
> who did not preside over the voir dire examinations—
> can consider in determining whether the opponent of
> the peremptory strikes has met his burden. These in-
> clude the nature and strength of the parties' argu-
> ments during the *Batson* hearing and the attorneys'
> demeanor and credibility. And, when necessary, a

trial judge who has not witnessed the voir dire may refer to the record," *id.,* at 173–174 (footnote omitted).

With respect to the strike of juror Owens, the court held that Judge Wallace's acceptance of the prosecutor's explanation was not clearly erroneous and noted that "[t]he record does reflect that Owens was congenial and easygoing during voir dire and that her attitude was less formal than that of other veniremembers." *Id.*, at 172. This Court denied respondent's petition for a writ of certiorari. *Haynes* v. *Texas,* 535 U. S. 999 (2002).

After the Texas courts denied his application for state habeas relief, respondent filed a federal habeas petition. The District Court denied the petition and observed that this Court had never held that the deference to state-court factual determinations that is mandated by the federal habeas statute is inapplicable when the judge ruling on a *Batson* objection did not observe the jury selection. App. to Pet. for Cert. 80, n. 10.

A panel of the Court of Appeals granted a certificate of appealability with respect to respondent's *Batson* objections concerning Owens and one other prospective juror. *Haynes* v. *Quarterman*, 526 F. 3d 189, 202 (CA5 2008). In its opinion granting the certificate, the panel discussed our opinion in *Snyder* at length and then concluded:

> "Under *Snyder*'s application of *Batson,* . . . an appellate court applying *Batson* arguably should find clear error when the record reflects that the trial court was not able to verify the aspect of the juror's demeanor upon which the prosecutor based his or her peremptory challenge." 526 F. 3d, at 199.

When the same panel later ruled on the merits of respondent's *Batson* claim regarding juror Owens,[1] the court

---

[1] Because the panel held that the strike of Owens violated *Batson*, the panel did not rule on the legitimacy of the other strike as to which a

adopted the rule that it had previously termed "arguabl[e]." See 526 F. 3d, at 199; *Haynes* v. *Quarterman*, 561 F. 3d 535, 541 (CA5 2009). The court concluded that the decisions of the state courts were not owed "AEDPA deference" in this case "because the state courts engaged in pure appellate fact-finding for an issue that turns entirely on demeanor." *Ibid.* The court then held that

> "no court, including ours, can now engage in a proper adjudication of the defendant's demeanor-based *Batson* challenge as to prospective juror Owens because we will be relying solely on a paper record and would thereby contravene *Batson* and its clearly-established 'factual inquiry' requirement. *See, e.g.*, *Snyder*, [552 U. S., at 477]; *Batson*, [476 U. S., at 95]." *Ibid.* (footnote omitted).

## II

Respondent cannot obtain federal habeas relief under 28 U. S. C. §2254(d)(1) unless he can show that the decision of the Texas Court of Criminal Appeals "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." A legal principle is "clearly established" within the meaning of this provision only when it is embodied in a holding of this Court. See *Carey* v. *Musladin*, 549 U. S. 70, 74 (2006); *Williams* v. *Taylor*, 529 U. S. 362, 412 (2000). Under §2254(d)(1), a habeas petitioner may obtain relief (1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts"; or (2) "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that

--------

certificate of appealability had been issued. *Haynes* v. *Quarterman*, 561 F. 3d 535, 541, n. 2 (CA5 2009).

principle to the facts of the prisoner's case." *Id.,* at 413.

### III

In holding that respondent is entitled to a new trial, the Court of Appeals cited two decisions of this Court, *Batson* and *Snyder*, but neither of these cases held that a demeanor-based explanation for a peremptory challenge must be rejected unless the judge personally observed and recalls the relevant aspect of the prospective juror's demeanor.

The Court of Appeals appears to have concluded that *Batson* supports its decision because *Batson* requires a judge ruling on an objection to a peremptory challenge to "'undertake "a sensitive inquiry into such circumstantial and direct evidence of intent as may be available."'" 561 F. 3d, at 540 (quoting *Batson*, 476 U. S., at 93, in turn quoting *Arlington Heights* v. *Metropolitan Housing Development Corp.*, 429 U. S. 252, 266 (1977)). This general requirement, however, did not clearly establish the rule on which the Court of Appeals' decision rests. *Batson* noted the need for a judge ruling on an objection to a peremptory challenge to "tak[e] into account all possible explanatory factors in the particular case," 476 U. S., at 95 (internal quotation marks omitted). See also *Miller-El* v. *Dretke*, 545 U. S. 231, 239 (2005); *Johnson* v. *California*, 545 U. S. 162, 170 (2005). Thus, where the explanation for a peremptory challenge is based on a prospective juror's demeanor, the judge should take into account, among other things, any observations of the juror that the judge was able to make during the *voir dire*. But *Batson* plainly did not go further and hold that a demeanor-based explanation must be rejected if the judge did not observe or cannot recall the juror's demeanor.

Nor did we establish such a rule in *Snyder*.[2] In that

---

[2] Even if *Snyder* did alter or add to *Batson*'s rule (as the Court of

case, the judge who presided over the *voir dire* also ruled
on the *Batson* objections, and thus we had no occasion to
consider how *Batson* applies when different judges preside
over these two stages of the jury selection process. *Sny-
der*, 552 U. S., at 475–478. The part of *Snyder* on which
the Court of Appeals relied concerned a very different
problem. The prosecutor in that case asserted that he had
exercised a peremptory challenge for two reasons, one of
which was based on demeanor (*i.e.*, that the juror had
appeared to be nervous), and the trial judge overruled the
*Batson* objection without explanation. 552 U. S., at 478–
479. We concluded that the record refuted the explanation
that was not based on demeanor and, in light of the par-
ticular circumstances of the case, we held that the per-
emptory challenge could not be sustained on the de-
meanor-based ground, which might not have figured in the
trial judge's unexplained ruling. *Id.,* at 479–486. Nothing
in this analysis supports the blanket rule on which the
decision below appears to rest.

The opinion in *Snyder* did note that when the explana-
tion for a peremptory challenge "invoke[s] a juror's de-
meanor," the trial judge's "first hand observations" are of
great importance. *Id.*, at 477. And in explaining why we
could not assume that the trial judge had credited the
claim that the juror was nervous, we noted that, because
the peremptory challenge was not exercised until some
time after the juror was questioned, the trial judge might
not have recalled the juror's demeanor. *Id.*, at 479. These
observations do not suggest that, in the absence of a per-

_____

Appeals seems to have concluded), *Snyder* could not have constituted
"clearly established Federal law as determined by" this Court for
purposes of respondent's habeas petition because we decided *Snyder*
nearly six years after his conviction became final and more than six
years after the relevant state-court decision. See *Williams* v. *Taylor*,
529 U. S. 362, 390 (2000) (opinion for the Court by STEVENS, J.); *id.*, at
412 (opinion for the Court by O'Connor, J.).

sonal recollection of the juror's demeanor, the judge could not have accepted the prosecutor's explanation. Indeed, *Snyder* quoted the observation in *Hernandez* v. *New York*, 500 U. S. 352, 365 (1991) (plurality opinion), that the best evidence of the intent of the attorney exercising a strike is often that attorney's demeanor. See 552 U. S., at 477.

Accordingly, we hold that no decision of this Court clearly establishes the categorical rule on which the Court of Appeals appears to have relied, and we therefore reverse the judgment and remand the case for proceedings consistent with this opinion. Our decision does not mandate the rejection of respondent's *Batson* claim regarding juror Owens. On remand, the Court of Appeals may consider whether the Texas Court of Criminal Appeals' determination may be overcome under the federal habeas statute's standard for reviewing a state court's resolution of questions of fact.

*It is so ordered.*