

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER WAYNE FRANCIS, | No. 13-17164 |
| Petitioner - Appellant, | D.C. No. 4:12-cv-00241-LAB |
| v. | |
| CHARLES L. RYAN; ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Leslie Ann Bowman, Magistrate Judge, Presiding

Argued and Submitted February 9, 2016
San Francisco, California

Before: SILVERMAN, FISHER and TALLMAN, Circuit Judges.

Petitioner Christopher Wayne Francis appeals the denial of his habeas

petition, alleging the state court failed to properly conduct the inquiry required by

*Batson v. Kentucky*, 476 U.S. 79 (1986), after the prosecution exercised a

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

peremptory strike against a minority veniremember.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act, we may grant habeas relief to a state prisoner only when the last reasoned state court decision was either (1) contrary to or involved an unreasonable application of clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state court.  *See* 28 U.S.C. § 2254(d). Francis argues the state appellate court decision was based on an unreasonable application of federal law and an unreasonable determination of the facts.

1.  The state appellate court did not misapply clearly established law in resolving Francis' *Batson* challenge.  Francis argues the state appellate court erred because the trial court failed to make the necessary factual findings under step three of *Batson* and was required to conduct a comparative juror inquiry.  The trial court, however, satisfied its obligation when it concluded there was "no *Batson* violation" and "[t]he strikes were race neutral."  That finding, though perhaps "laconic," demonstrates the court found "the prosecution's proffered race-neutral

---

[1]  Francis also briefed the uncertified issue of whether his trial counsel was unconstitutionally ineffective.  We construe this as a motion to broaden the certificate of appealability and deny it because Francis has not made a substantial showing of the denial of a constitutional right.  *See Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005).

justification[] [was] genuine," *McDaniels v. Kirkland*, Nos. 09-17339, 11-15030, 2015 WL 9461515, at *5 (9th Cir. Dec. 24, 2015) (en banc) (finding the trial court satisfied *Batson*'s third step when ruling there "didn't appear [] to be any type of racism going on"). Furthermore, the trial court was not required to conduct a comparative juror analysis to reach that conclusion. *See Murray v. Schriro*, 745 F.3d 984, 1004-05 (9th Cir. 2014) ("*Batson* and the cases that follow it do not require trial courts to conduct a comparative juror analysis."); *see also Boyd v. Newland*, 467 F.3d 1139, 1146 (9th Cir. 2006) (holding that *Miller-El v. Dretke*, 545 U.S. 231 (2005), "did not create . . . a new procedural rule" requiring comparative juror analysis).

2. Nor has Francis shown the state appellate court was unreasonable in deferring to the trial court's judgment in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Our review of the state appellate court's ruling here is "doubly deferential," in that we must uphold the ruling unless it was "objectively unreasonable" in concluding that substantial evidence supported the trial court's credibility determination. *See Jamerson v. Runnels*, 713 F.3d 1218, 1225 (9th Cir. 2013). Contrary to Francis' assertion, our deferential review is not affected by the trial court's alleged failure to make an explicit finding about the juror's demeanor. *Cf. Thaler v. Haynes*, 559 U.S. 43, 49 (2010) (stating the trial court could accept

3

demeanor-based explanation even when it did not observe or recall a veniremember's demeanor). *Snyder v. Louisiana*, 552 U.S. 472 (2008), on which Francis heavily relies, is distinguishable. Here, the trial court necessarily credited the prosecutor's sole nondiscriminatory reason for the strike when it rejected Francis' objection. *Cf. Snyder*, 552 U.S. at 485 (finding the record was not clear whether the trial judge credited the demeanor-based explanation when the prosecutor offered two reasons for the strike).

We are mindful there are risks inherent when a prosecutor strikes a veniremember because of her demeanor. If such strikes are not properly scrutinized, the protections afforded by the Constitution may be circumvented by the prosecutor's conscious or unconscious biases. *See Batson*, 476 U.S. at 106 (Marshall, J., concurring). This risk is heightened when the potential juror's allegedly negative demeanor is prompted by the prosecutor's own questionable conduct.

The record, however, nonetheless supports the trial judge's conclusion that the prosecutor's strike was not based on an impermissible ground. The voir dire here may have been unusual, but the evidence does not show the prosecutor intended to elicit a reaction from the veniremember or that the prosecutor's demeanor explanation was pretextual. The prosecutor focused on the

4

veniremember only after she reacted to his voir dire questioning, she twice apologized for her "expressive face," and contemporaneous comments by Francis' co-defendant's counsel tend to support that the veniremember's reactions reflected her displeasure with the prosecutor's performance.

Under these circumstances, Francis has not shown the state appellate court was "objectively unreasonable in concluding that [the] trial court's credibility determination was supported by substantial evidence." *Jamerson*, 713 F.3d at 1218.

**AFFIRMED**.