# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30332

AARON WILSON,

      Petitioner - Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

      Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-310

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Appellant, convicted of first degree murder, now appeals only the state court's ruling on racial discrimination in the jury selection,[1] specifically, a *Batson* challenge as to certain potential jurors, primarily potential jurors

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Neither side challenges the district court's conclusion that Wilson, a juvenile at the time of the offense in question, is entitled to a resentencing under *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), after having received a sentence of life without possibility of parole. However, Wilson's *Batson* challenge, if successful, would result in a new trial as to guilt or innocence, so it is not mooted by the *Montgomery* determination.

No. 16-30332

Maxile and Mitchell.[2] *Batson v. Kentucky*, 476 U.S. 79 (1986). The underlying facts and somewhat tortured procedural background of this case are well-stated in the Magistrate Judge's Report and Recommendations, *Wilson v. Cain*, 2016 U.S. Dist. LEXIS 47904 (W.D. La. 2016) and in the Louisiana state appellate decision, *State v. Wilson*, 938 So. 2d 1111 (La. Ct. App. 2006) ("*Wilson*"), *writ denied*, 954 So. 2d 159 (La. 2007), *cert. denied*, 552 U.S. 917 (2007), so we will not recount them in detail here.

As demonstrated by *Wilson*, 938 So. 2d at 1122-36, the *Batson* challenges were exhausted on direct appeal to the state intermediate appellate court; the writ was denied by the Louisiana Supreme Court, and the United States Supreme Court denied certiorari. Thus, we are constrained by well-settled law requiring great deference to state court determinations. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86 (2011); *see also Thaler v. Haynes*, 559 U.S. 43, 47-48 (2010) (reversing appellate court's grant of habeas relief based solely upon a "general requirement" rather than a specific clearly established rule). To grant relief here, we must conclude that the state court's adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[2] Wilson also challenges the denial of relief with respect to several other jurors. We affirm the district court's ruling as to those jurors as well. We also conclude that the district court did not err in failing to permit an expansion of the record.

No. 16-30332

We agree with the district court that the state appellate court's decision was neither an unreasonable application of clearly established federal law as determined by the Supreme Court nor an unreasonable determination of the facts.  As the Supreme Court has explained, our deferential review is different from simply analyzing the *Batson* challenge as valid or not as if we were the state appellate court.  *Richter*, 562 U.S at 101.  "Unreasonable" requires more than merely "incorrect."  *Id.*; *see also White v. Woodall*, 134 S. Ct. 1697, 1703 (2014) ("We need not decide here . . . whether the conclusion . . . would be correct in a case not reviewed through the lens of § 2254(d)(1).").  Here, the prosecutor explained the state's race neutral reason for preemptory strikes of these women.  Specifically as to Maxile, the reason given was that she was a volunteer teacher at the very school that Wilson had attended, and as to Mitchell, the proffered reason was that she was married to a minister, matters the prosecutor argued bore upon the potential legal penalty (at that time, the death penalty was being sought).

The problem lies in the confusing decision of the state trial court which alternately seemed to find pretextual reasons for strikes by both the prosecutor and the defense counsel while at the same time denying any relief.  The state trial judge orally stated that he was troubled by these strikes by the prosecutor (of African-American women) and the defense (of women, particularly Caucasian women), but then ultimately stated that "the exclusion of certain jurors by peremptory challenges in this particular case does not raise [sic] to a level to constitute a violation."  The state trial court's analysis seemed focused on what it perceived as a pattern as well as examining the stated reasons themselves; no finding was made regarding credibility or demeanor of any of the individual attorneys.  The state trial court's written opinion concluded that the "'pretextual' [quotation marks in the original] explanations given by the

No. 16-30332

Defendant and State, **especially the State**" were not "significantly faulty . . . to constitute a violation."

The state appellate court addressed this problem of inconsistencies in the state trial court ruling head-on and at length, applying appropriate Supreme Court authority. *Wilson*, 938 So. 2d at 1122-36. Wilson faults the state appellate court for failing to give deference to the state court's fact findings, but the state appellate court carefully analyzed that very issue. *Id.* at 1132-34. In so doing, it concluded that the prosecutor's proffered reasons for striking these prospective jurors was facially race neutral.[3] *Id.* at 1132-33.[4]

---

[3] The state appellate court also considered whether the prosecutor applied the state's proffered reasons for striking Mitchell and Maxile to white prospective jurors. *See Miller-El v. Dretke*, 545 U.S. 231, 241 (2005). As to Mitchell, where the proffered reason was that she was married to a minister, the state appellate court noted that the prosecutor struck a white prospective juror because he was a minister. *Wilson*, 938 So. 2d at 1128, 1130. Wilson argues that this reason was shown to be pretextual because a deacon and a ministry graduate (who was not employed as a minister) were not struck, but we conclude that lay members of a church are not the same as ministers and spouses of ministers. At the very least, this argument does not demonstrate that the state appellate court unreasonably applied Supreme Court precedent. As to Maxile, where the proffered reason was that she was a volunteer teacher at the very school that Wilson had attended, the state appellate court noted that the prosecutor challenged a white female teacher. *Id.* at 1134. Wilson mentions a coach that was not struck, but, among other things, he had a relative who had been murdered, so he is not a true comparator.

[4] Specifically as to these two jurors, the state appellate court stated:

Although we are mindful of the great deference owed by an appellate court to the trial court's findings of fact, this record leads us to the conclusion that the trial court, largely due to the manner in which it held the hearing and allocated the burden of persuasion, confounded the racially disproportionate effect of the prosecutor's race-neutral reasons for the strikes with an invidious intent to discriminate on the basis of race. The record demonstrates, however, that the prosecutor struck those jurors whom it believed would be less inclined to impose the death penalty. It supported its beliefs as to each juror based on both *voir dire* and other reasons that were facially race-neutral, including the common sense concerns of the circumstances of Ms. Mitchell's marriage to a minister and Ms. Maxile's relationship with the school for troubled youths in which the appellant had attended. The end result of the prosecutor's jury selection strategy was to excuse perhaps one more African-American juror than one might expect through an entirely random selection process.

No. 16-30332

After carefully examining the state court record, the state appellate court determined that, even granting deference to the state trial court, the factual determinations (though not the ultimate legal conclusion) were clearly erroneous. This conclusion was neither an unreasonable determination of the facts nor an unreasonable application of clearly established federal law. *See Splawn v. Thaler*, 494 F. App'x 448, 452-53 (5th Cir. 2012) (deferring to state appellate court's determination of factual underpinnings in a *Batson* challenge case). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington,* 562 U.S. at 101. Many jurists have reviewed this record and not disturbed the ultimate state trial court holding of no *Batson* violation. We have independently reviewed the relevant portions of the record and conclude that, under the great deference owed to the state appellate court's determination, the district court's judgment must be affirmed.

　　　AFFIRMED.

---

*Id.* at 1132.