NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0361n.06

No. 22-3031

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 08, 2023
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| GERALD D. FIELDS, | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| JAY FORSHEY, Warden, | ) |
| Respondent-Appellee. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

OPINION

Before: SUTTON, Chief Judge; BATCHELDER and MURPHY, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge.**  Gerald Fields appeals the district court's denial of his habeas petition.  This court granted a certificate of appealability for two of his claims: ineffective assistance of appellate counsel and the underlying right to counsel claim.  Fields alleges that his state court appellate counsel was ineffective because he failed to argue that Fields' constitutional right to counsel at sentencing was violated because he did not have counsel at sentencing.  The state courts and the federal district court denied relief.  We affirm.

I.      **Background and Procedural History**

A jury convicted Fields of possessing and trafficking marijuana and cocaine, and manufacturing cocaine, all in violation of Ohio law.  Fields was represented by counsel at trial. After trial, but before sentencing, Fields' trial counsel moved to withdraw due to an alleged conflict of interest.  The court granted the motion.

About a month later, on July 11, 2019, Fields retained a different attorney to represent him. Then, on August 8, 2019, four days before sentencing, this new attorney filed a motion to withdraw as counsel because of a misunderstanding about the scope of representation. Fields signed the motion, which stated that Fields did not want this counsel to represent him or be involved with his sentencing.

At sentencing on August 12, 2019, the state trial court confirmed that Fields no longer wanted to be represented by his counsel. The court told Fields that he would still be sentenced that day; Fields said he understood. After confirming that the attorney still sought to withdraw, the court dismissed the attorney. The court proceeded to sentence Fields without counsel present and without any further questioning regarding representation. The record does not establish whether any pre-sentencing documents were filed, but the district court did address the charges Fields was being sentenced for and that he was given jail credit, and explained why charges were merged for sentencing. The court allowed Fields to argue on his own behalf as to the appropriate sentence. The court sentenced Fields to ten years in prison and a $7,500 fine.

Fields was appointed appellate counsel, and he timely appealed. Counsel raised six issues on appeal, but none of them involved the lack of counsel at sentencing. On July 27, 2020, the state court of appeals affirmed the trial court.

On October 22, 2020, Fields filed a pro se Ohio Appellate Rule 26(B) motion to reopen his direct appeal. This Rule allows inmates to file motions raising ineffective assistance of appellate counsel. Fields argued that his sentence was "void" because the trial court sentenced him "without counsel without having obtained and cause to be journalized a written waiver of counsel signed" by him, and that he was prejudiced by the lack of counsel because counsel could have "prevented

conviction and sentences for unproven charges, as well as ensured the return of the appellant's property."

On October 27, 2020, the state appellate court denied his motion. The court rejected Fields' ineffective assistance of appellate counsel claim as meritless. The court discussed the *Strickland* standard and held that:

> Upon review, we find no merit in Appellant's argument that his counsel was ineffective. Appellant himself requested that his trial counsel withdraw, with full knowledge and a cautionary statement by the trial court that sentencing would still go forward. . . . Upon consideration, we find Appellant has failed to demonstrate that his counsel was incompetent or that he suffered prejudice as a result of his counsel's decisions. We further do not find that Appellant has established that the result of the proceedings [would] have been different. We find Appellant's arguments unpersuasive and thus find no genuine issue exists as to whether Appellant was denied the effective assistance of counsel on appeal.

Fields appealed to the Ohio Supreme Court on December 7, 2020, but it declined to exercise jurisdiction.

On April 16, 2021, Fields filed a pro se § 2254 habeas petition in the Southern District of Ohio. He raised five claims, only two of which are before us. The magistrate judge thoroughly examined the merits of the right-to-counsel claim and concluded that the state court did not err because Fields: (1) never asked for a continuance to hire a new attorney, (2) did not ask for an attorney to be appointed for sentencing, (3) understood that sentencing would continue despite his not wanting his retained counsel to represent him, and (4) insisted on firing his attorney four days before sentencing. The magistrate judge also said that the dangers of self-representation are less at sentencing than during pretrial or trial proceedings. The magistrate judge concluded that it would have been better if the trial judge had given *Faretta* warnings, but the failure to do so "did not deprive Fields of any right clearly established by Supreme Court precedent." Even if the failure was a constitutional violation, the magistrate judge held, it was harmless error because his sentence

-3-

was not impacted, as Fields only alleged that counsel could have relitigated his crimes at sentencing. Because no prejudice was shown as a result of Fields' lack of representation at sentencing, the magistrate judge recommended dismissing the denial-of-the-right-to-counsel and ineffective-assistance-of-appellate-counsel claims.

The federal district court agreed with the magistrate judge's "conclusion that any constitutional error in proceeding to sentencing in this case without an attorney was at most harmless error." The court stated that Fields "has never suggested how he was prejudiced by the absence of counsel, *i.e.*, what an attorney would or could have said that would have resulted in a different sentence," especially when that attorney was hired to move for a new trial but was then fired, and Fields never asked for a continuance to obtain new counsel. The district court denied his petition on November 9, 2021. Fields appealed, and this court granted a certificate of appealability on the two claims before us.

## I.     Discussion

### A.  Legal Standard

This court reviews de novo the district court's denial of a writ for habeas corpus; we review findings of fact for clear error. *Reiner v. Woods*, 955 F.3d 549, 554 (6th Cir. 2020). AEDPA allows relief when the state court's decision is either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). The court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *King v. Bobby*, 433 F.3d 483, 490 (6th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).

A state court's legal decision is contrary to clearly established federal law if the conclusion reached is either opposite of the conclusion the Supreme Court reached on the question of law, or if the state court decides a case differently from one decided by the Supreme Court that has materially indistinguishable facts. *Id.* at 489 (citing *Williams*, 529 U.S. at 413). A state court also unreasonably applies clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Williams*, 529 U.S. at 413) (quotation marks omitted). "Federal law is clearly established only when it is embodied in a holding of the Supreme Court; dicta does not count." *Jones v. Bell*, 801 F.3d 556, 564 (6th Cir. 2015) (quoting *Thaler v. Haynes*, 559 U.S. 43, 47 (2010)) (quotation marks omitted).

An application for habeas relief shall not be granted unless the state courts have had a fair opportunity to address the constitutional claims first. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); 28 U.S.C. § 2254(b)(1)(A). State court factual findings are "presumed to be correct" and are entitled to a "high measure of deference." 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 455 U.S. 591, 598 (1982). The petitioner must rebut the "presumption of correctness with clear and convincing evidence." *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). The court "must conclude that the state court's findings lacked even 'fair[] support' in the record"; clear error is insufficient. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Hand v. Houk*, 871 F.3d 390, 407–08 (6th Cir. 2017).

### B. Claim 4 — Right to counsel at sentencing

It is undisputed that Fields' right-to-counsel claim is procedurally defaulted and is not resurrected simply because it forms the basis of his ineffective assistance of appellate counsel claim. *Lott v. Coyle*, 261 F.3d 594, 611–12 (6th Cir. 2001). Fields must therefore show that the

default is excused. *Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008). To excuse procedural default, Fields must show both cause and actual prejudice from the alleged constitutional violation. *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977).

Fields argues that ineffective assistance of appellate counsel provides cause because the deprivation of counsel, without an adequate inquiry into waiver of the right to counsel, constitutes structural error such that counsel's performance was automatically prejudicial to him, making appellate counsel's performance deficient for failing to raise a "dead-bang winner" of an argument. Specifically, he argues that the Supreme Court has "repeatedly held that a defendant is entitled to counsel at all 'critical stages' of a case," which includes sentencing, and he did not have counsel at sentencing. He also argues that a defendant's waiver of the right to counsel must be knowing and voluntary, and his was not. Because the deprivation of the right to counsel is structural error, he argues, both *Strickland* prejudice and actual prejudice are shown because he was inherently prejudiced by the lack of counsel.

Ineffective assistance of counsel can serve as cause to excuse the procedural default of his right-to-counsel claim. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To establish cause, Fields must show the merits of the ineffective-assistance claim, which includes showing the merits of the underlying right-to-counsel claim. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008). If Fields cannot demonstrate that appellate counsel was ineffective for failing to raise the right-to-counsel claim on appeal, he cannot show cause to excuse the default. *Davie*, 547 F.3d at 312.

Even if we assume that Fields can show cause to excuse the procedural default, he must also show that he suffered actual prejudice from that constitutional violation. But he cannot show actual prejudice, so the procedural default of his right-to-counsel claim cannot be cured.

While Fields may be correct that it is structural error to be deprived of counsel at sentencing, a structural error does not automatically establish actual prejudice to cure procedural default. *Jones*, 801 F.3d at 564; *Ambrose v. Booker*, 684 F.3d 638, 649 (6th Cir. 2012); *McConnell v. Rhay*, 393 U.S. 2, 3–4 (1968); *see also Davis v. United States*, 411 U.S. 233, 245 (1973); *Weaver v. Massachusetts*, 582 U.S. 286, 293–95, 298–300 (2017). Actual prejudice requires that the actual and eventual outcome would have been different "regardless of the nature of the underlying constitutional claim." *Ambrose*, 684 F.3d at 651. Actual prejudice goes beyond, and must be shown in addition to, *Strickland* prejudice. *Jones*, 801 F.3d at 563–64.

Fields cannot show actual prejudice because he has not pointed to anything that shows that the outcome of his sentencing would have been different if he had had counsel. Fields' argument that his sentence would have been shorter because counsel's help could have resulted in dismissal of some of his convictions fails because convictions cannot be relitigated at sentencing. His next argument—that his sentence was double the minimum requirement and that counsel could have helped secure a concurrent sentence instead of a consecutive sentence—fails for two reasons. First, judges have discretion in sentencing. Second, Ohio law permits the court to order consecutive sentences if the defendant's criminal history demonstrates the need to protect the public. Ohio Rev. Code § 2929.14(C)(4)(c). Fields has substantial criminal history, and the state court found that the public needed protection from Fields, so he cannot show that this part of his sentence would have been different.

Finally, Fields cannot show that he would not have been given the $7,500 fine had he had counsel at sentencing. Ohio law requires that the defendant file an affidavit *prior* to sentencing that says the defendant is indigent and unable to pay a fine. Ohio Rev. Code § 2929.18(B)(1). The court must also find the defendant indigent. *Id.* It is unclear whether Fields was indigent. His sentencing counsel was retained, which suggests he was not. On appeal, however, he was indigent, which suggests otherwise. No affidavit was filed, and nothing in the record shows that the trial court ever found that Fields was indigent. Beyond that, Fields had counsel up until sentencing and he is not complaining about that counsel's actions. That counsel could have filed the affidavit for him. Fields therefore cannot show that his sentence would not have included the $7,500 fine if he had had counsel at sentencing.

Because Fields cannot demonstrate that he was actually prejudiced by the lack of counsel at sentencing, he cannot excuse the procedural default of his right-to-counsel claim. This claim fails.

### C. Claim 5 — Ineffective assistance of appellate counsel

Fields also cannot show that his state appellate counsel was ineffective for failing to raise his right-to-counsel claim on direct appeal. Because the state appellate court resolved this ineffective-assistance claim, AEDPA requires that Fields show a violation of clearly established Supreme Court precedent before habeas relief can be granted. Fields cannot meet that standard. To begin with, *Strickland* requires that the defendant show that he was prejudiced by counsel's ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* prejudice requires that Fields demonstrate a reasonable probability he would have prevailed but for counsel's failure to raise the issue. *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013). As explained

above, Fields cannot show that he was prejudiced by counsel's failure to raise the right-to-counsel claim on appeal.

In addition, the state court did not unreasonably apply *Strickland*'s deficiency prong. It found that Fields' appellate counsel did not act deficiently by failing to raise the right-to-counsel claim because that claim was meritless. Fields argues that the state trial court should have made a *Faretta* inquiry before denying him counsel at sentencing. *Faretta* requires the court to conduct an inquiry into whether a defendant's waiver of the right to counsel at a criminal trial is knowing and voluntary before allowing him to waive that right. *Faretta v. California*, 422 U.S. 806, 807, 832–36 (1975). The court must also ensure that the defendant understands "the dangers and disadvantages of self-representation" and knows what he is doing. *Id.* at 835. Here, it is not clearly established that the state court failed to make a proper *Faretta* inquiry when it only asked one question at sentencing before permitting Fields to dismiss his counsel. The Supreme Court has not applied the *Faretta* inquiry in the sentencing context. And it is not clear that the state court's inquiry was insufficient, considering that Fields has criminal court experience, wanted counsel dismissed, and understood that sentencing would continue without counsel present. Fields did not ask for replacement counsel or say that he did not want to be sentenced without counsel. On these facts, it is not clear that Fields was deprived of the right to counsel when he made no effort to preserve it. The state courts, therefore, did not unreasonably apply clearly established Supreme Court precedent. Fields' ineffective assistance of counsel claim fails.

## CONCLUSION

For the foregoing reasons, we affirm.